In the Matter of ARTHUR F. CARRUTHERS et al., as District Supervising Attendance Officers, et al., Petitioners, against BOARD OF SUPERINTENDENTS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, June 29, 1950.

*A. Mark Levien* for petitioners.

*John P. McGrath, Coporation Counsel (Arthur H. Kahn* of counsel), for respondents.

SCHREIBER, J. This is a motion to direct the board of superintendents and the board of education to nominate, from incumbents of supervisory positions in the bureau of attendance, persons to be appointed to the positions of director, assistant director, and chief attendance officer of said bureau. In addition, petitioners seek to compel the board of education, upon the making of such nominations, to appoint the nominees to the positions in question.

Section 2520 of the Education Law provides that the appointments in question " shall be made upon the nomination of the board of superintendents from the incumbents of supervisory positions of lower grade.'' The respondents maintain that none of the applicants for the position of director is fit for that position, and upon the basis of that claim they decline to nominate any of the applicants to the position of director. Although the State Constitution (art. V, § 6) requires that appointments and promotions in the civil service shall be made according to merit and fitness, this provision obviously relates only to the *relative* merits of applicants, to be determined by competitive examination. The requirement of the Constitution was obviously not directed to the ascertainment of *absolute* merit as distinguished from *relative* merit. From the standpoint of *absolute* merit it may be that no one in the civil service is entitled to the position he holds. Unless the board of superintendents nominates one of the six applicants for the position of director to that position, the

position may never be filled. Efforts on the part of the board to obtain legislation to eliminate the provision requiring the top ranking positions in the bureau of attendance to be filled by persons holding lower supervisory positions in the bureau have so far proved unavailing, and there is no reason to believe that there will be any change in the future.

No justification is shown to exist for the refusal of the board of superintendents to nominate one of the six applicants to the position of director. The board is accordingly directed to make such a nomination. As to the positions of assistant director and chief attendance officer, the board of superintendents has made nominations, but the board of education has not yet acted upon them. The board of education will accordingly be directed to take action upon the nominations heretofore made for the positions of assistant director and chief attendance officer, and upon the nomination herein ordered to be made for the position of director of the bureau of attendance. Settle order on or before July 6, 1950.